## Hoover Estate

*Garrett A. Brownback* and *Joseph N. DuBarry,* for accountant.

TAXIS, P. J., July 8, 1957.—The account and supplement thereto shows a balance for distribution of $20,-689.13, composed of the shares of stock set forth on the summary totaling $8,700, personal household effects of the inventory value of $100, and cash.

Decedent died on April 29, 1952, leaving a will dated March 13, 1946, probated on June 20, 1952, on which the present letters were granted.

Decedent was married and was survived by his widow, Dorothea Todd Hoover, who has since remarried and is now Dorothea T. Taylor. Decedent was also survived by three children, all minors at the date of his death, but at the date of the audit, two of whom have become of age.

Adjudication is required in connection with claims by decedent's widow and children to funds in the hands of the executrix representing settlement of claims in connection with decedent's death. Decedent was killed, apparently instantly, in the crash of a commercial airliner in the jungles of Brazil on an international flight; there were no medical or funeral expenses. As the flight was between signatory or adhering nations, the Warsaw Convention, governing liability in commercial international air transportation, applies.[1]

Under article 24 of the convention, action may be brought only subject to the conditions and limitations of the convention, which is applied without prejudice

---

[1] "Convention for the Unification of Certain Rules Relating to International Transportation by Air" concluded at Warsaw, Poland, October 12, 1929, and adhered to at the time of decedent's death and other material times by 34 nations including Brazil and the United States of America, 49 Stat. 3000.

as to who are the persons who have the right to bring the action and what their respective rights may be. After extended negotiation, the carrier offered to settle all claims for its liability for injuries to and death of decedent for the maximum recovery permitted under the convention (absent proof of gross negligence) amounting to $8,291.87. With leave of this court, the executrix accepted the offer of settlement and received the proceeds thereof in the amount of $8,291.87, which she now holds. The guardian of the estates of each of decedent's three children, then minors, with leave of this court, joined in said settlement and receipt of proceeds by the executrix without prejudice to the rights of decedent's children and widow to claim the fund or any part thereof so received by the executrix. The children and widow now claim the fund, two of the children now of age, claiming in their own right, and the third, still a minor, by the guardian of her estate.

The Warsaw Convention makes no distinction between damages which would be recoverable under the Pennsylvania law known as the Wrongful Death Act, and those which would be recoverable in Pennsylvania under the Fiduciaries Act of April 18, 1949, P. L. 512, secs. 601 and 603, 20 PS §320.601 and 320.603, known as the Survival Act. The Wrongful Death Act gives a right of recovery to the widow and children ( and not to decedent's estate) and provides that they shall share in proportion to what their rights would be under intestacy. The measure of their recovery would be the pecuniary loss they suffered by reason of decedent's death. See Ferne v. Chadderton, 363 Pa. 191, 196-97.

A Survival Act recovery would inure to the benefit of decedent's estate and would cover loss of earnings from accident to death, compensation for decedent's pain and suffering and the present worth of his likely earnings for his life expectancy (he died at age 41),

diminished by provision he would have made for his wife and children.

In the instant case, death was instantaneous, apparently without pain and suffering. There were no medical or funeral expenses, no loss of earnings before death, and a severe limitation of amounts recoverable to far less than a reasonable measure of recovery in this case under the Wrongful Death Act. For these reasons I conclude that the entire recovery in settlement with the carrier is attributable to the cause of action for wrongful death and the court now finds that the funds recovered from the carrier in the amount of $8,291.87 are not properly a part of decedent's testamentary estate. The claims of decedent's widow and children to the said fund are herewith allowed and the executrix directed to pay the said fund to the claimants, pursuant to the provisions of the Wrongful Death Act of 1855, as amended by the Intestate Act of April 24, 1947, P. L. 80, secs. 2(1) and 3(1), as follows:

To Dorothea T. Taylor (formerly Dorothea Todd Hoover) widow, 1/3rd, or $2,763.95.

To Robert A. Hoover, Jr., son, late a minor 2/9ths, or $1,842.64.

To Norman K. Hoover, son, late a minor, 2/9ths, or $1,842.64.

To Wendy T. Hoover, minor daughter, to be paid to Jacob John Kohlhas, guardian of her estate, 2/9ths, or $1,842.64.

In light of the foregoing findings the fund of $8,291.-87 is not subject to transfer inheritance tax.

The payment of $228 on account of transfer inheritance tax was duly vouched. The balance of said transfer inheritance tax that may be found to be due is awarded to the register of wills and payment thereof will be reflected in the schedule of distribution which is hereinafter directed to be filed.

The net ascertained balances of principal and income for distribution are awarded as suggested under the last paragraph of the petition for adjudication.

Counsel for accountant shall file a schedule of distribution in duplicate.

And now, July 8, 1957, this adjudication is confirmed nisi.